UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA MARIE HOGUE,

                Plaintiff,

        -against-

BJ'S WHOLESALE CLUB, INC.,

                Defendant.

**ORDER**

22-CV-04829 (PMH)

PHILIP M. HALPERN, United States District Judge:

BJ's Wholesale Club ("Defendant") filed a Notice of Removal on June 9, 2022, removing this action from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

**BACKGROUND**

On June 9, 2022, Defendant filed a Notice of Removal, which attached copies of the following exhibits: (1) Plaintiff's Verified Summons & Complaint (Doc. 2-3, "Compl."); [1] (2) Defendants' Verified Answer (Doc. 2-4); (3) Defendants' Notice to Admit the Amount in Dispute (the "Notice") (Doc. 2-5, "Not. to Admit"); and (4) Plaintiff's Response to the Notice (Doc. 2-6, "Response"). Defendant claims that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) "there is a reasonable belief that Plaintiff's claimed damages are in excess of $75,000.00." (Not. of Removal at 2).

---

[1] Citations to the Notice of Removal and exhibits thereto correspond to the pagination generated by ECF.

**ANALYSIS**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[2]

Plaintiff's Complaint alleges that she was injured when she slipped and fell in Defendant's store. (Compl. at 7). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

does not state a specific sum of money sought from Defendant and asserts only that damages "exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. at 7-8). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant asserts that the amount in controversy is in excess of $75,000.00 for two reasons in its Notice of Removal: (1) "the Club filed and served a Notice to Admit, seeking for Plaintiff to admit or deny whether she alleges that her damages, if proven at trial, are in excess of Seventy-Five Thousand ($75,000.00) dollars" and "Plaintiff's Response improperly objected to the Notice to Admit, and thus the allegations are deemed admitted"; and (2) "Plaintiff's counsel previously conveyed a settlement demand in excess of $75,000.00." (Not. of Removal at 2).

The Court considers first the Notice. That document, dated May 10, 2022, seeks an admission from Plaintiff, under C.P.L.R. § 3123, that "Plaintiff's damages, if proven at trial, are in excess of $75,000.00, exclusive of interest and costs." (Not. of Removal at 2). Plaintiff, on May 24, 2022, objected to the Notice to Admit as improper. (Response at 2). Defendant therefore argues that because "Plaintiff's Response improperly objected to the Notice to Admit . . . the allegations are deemed admitted." (Not. of Removal at 2).

Plaintiff's objection to the Notice, even if improper, is insufficient to establish the amount in controversy—indeed, even failing to respond to the Notice in its entirety would not establish the amount in controversy. *See Oakes v. Cheesecake Factory Rests., Inc.*, No. 20-CV-00269, 2020 WL 2850149, at *2 (N.D.N.Y. June 2, 2020) ("In this Circuit, courts have found that defendants have not met their burden to show that there is a reasonable probability that the amount in

controversy exceeds $75,000 when the plaintiff fails to respond to the Notice to Admit."). That

Plaintiff responded, albeit purportedly improperly, does not alter this analysis. *See Baran v. Home*

*Depot U.S.A., Inc.*, No. 16-CV-03000, 2016 WL 8711362, at *2 (E.D.N.Y. June 10, 2016) (finding

that defendant's "unsupported argument that, because Plaintiff *failed to properly respond* to [a]

Notice to Admit, he therefore 'admitted' that the amount in controversy exceed[ed] $75,000" was

insufficient to meet defendant's burden of setting forth facts establishing that the jurisdictional

threshold amount in controversy was met (emphasis added)). Plaintiff's objection to the Notice

does not establish the amount in controversy and the Notice, therefore, is insufficient to set forth

the amount in controversy here.

The Court considers next Defendant's representation that Plaintiff's counsel made a

settlement demand in excess of $75,000.00. (Not. of Removal at 2). Defendant has not furnished

any such documents containing a settlement demand to the Court. The Court, although not required

to do so, has also undertaken to review the electronic docket in the state court proceeding. That

docket is devoid of proof of a written settlement demand or any other written indication of the

amount in controversy. (*See* Index No. EF51233-2022, NYSCEF Doc. Nos. 1-10).

Thus, the Court assumes that the alleged settlement demand was made orally. However,

"[d]istrict courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis

for removal." *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-05306, 2018 WL 941715, at *4

(E.D.N.Y. Jan. 31, 2018); *see also Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-03476, 2019

WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (rejecting argument that an oral settlement demand

triggered the 30-day clock to remove a case and stating that "Plaintiff does not suggest, must less

establish, that the settlement demand was made in writing"); *Suttlehan v. MidFirst Bank*, 205 F.

Supp. 3d 366, 371 (S.D.N.Y. 2016) ("[I]t would be a stretch to equate a purely oral conversation

concerning the extent of damages to an 'other paper' for purposes of § 1446(b)(3)."); *Johnson v. Davidson Bros.*, No. 11-CV-02816, 2011 WL 6014457, at *2 (S.D.N.Y. Dec. 1, 2011) ("As an initial matter, the court disregards counsels' telephone call . . . as an oral conversation is neither a 'pleading' nor 'other paper' capable of triggering the thirty-day filing period set forth in 28 U.S.C. § 1446(b).").

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendant's arguments that the amount in controversy exceeds $75,000 are insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Dutchess. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Dutchess, and to close this action. All pending matters are hereby terminated.

Dated:  White Plains, New York
       June 23, 2022

**SO ORDERED:**

_____

Philip M. Halpern
United States District Judge